United States District Court
Southern District of Texas
**ENTERED**
September 29, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **SIMON GEBREMICHEAL ZERATSIYON**, Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 1:25-CV-0349 |
| **KRISTI NOEM**, *et al.*, Respondents. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Respondent Franscisco Venegas's ("Venegas") Notice to the Court and Motion to Dismiss. Dkt. No. 6. For the reasons discussed below, it is recommended that the Court: (1) **GRANT** Venegas' Motion to Dismiss; and (2) **DIRECT** the Clerk of Court to remove Francisco Venegas as a party to the instant case. This recommendation is limited to dismissal of Venegas individually and does not disturb the Petitioner's identification of the Warden of El Valle Detention Facility in their official capacity as a Respondent. [1]

[1] Federal Rule of Civil Procedure 25(d) allows for the automatic substitution of an official's successor for an official sued in his official capacity.

## I. FACTUAL AND PROCEDURAL BACKGROUND [2]

Petitioner Simon Gebremicheal Zeratsiyon ("Zeratsiyon") is currently in immigration custody at El Valle Detention Facility "("El Valle") located in Raymondville, Texas. Dkt. No. 1 at 2. On April 14, 2025, an immigration judge ordered Zeratsiyon's removal. *Automated Case Information*, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, (last visited September 28, 2026), https://acis.eoir.justice.gov/en/ (search "A-Number" field as "245898931" and "Nationality" field as "Ethiopia"). On May 11, 2025, Zeratsiyon appealed the removal order to the Board of Immigration Appeals ("BIA"); the appeal remains pending. *Id.*; Dkt. No. 1 at 12.

On December 19, 2025, Zeratsiyon, represented by counsel, filed his habeas petition. *Id.* Within his Petition, Zeratsiyon notes that "[a]ll government Respondents are sued in their official capacities." *Id.* at 3. Zeratsiyon's habeas petition includes the following Respondents:

- Kristi Noem ("Noem") as the Secretary of the Department of Homeland Security;
- Todd Lyons ("Lyons") as the Acting Director of U.S. Immigration and Customs Enforcement;
- Robert L. Cerna ("Cerna") as the Acting Director of the Harlingen ICE Field Office;
- Pamela Bondi ("Bondi") as the Attorney General of the United States; and
- The Warden of El Valle Detention Center.

*Id.* at 2-3.

On December 23, 2025, this Court ordered that "the facility administrator of El Valle has 20 days from the service of the § 2241 petition to state why the writ of habeas corpus should not issue" with any response from Zeratsiyon due "within 15 days of receiving the warden's response."

[2] Information obtained from Zeratsiyon's Habeas Petition. *See* Dkt. No. 1. Zeratsiyon's A-number is A-245898931, and his country of origin is Ethipioa. Dkt. No. 1 at 1.

Dkt. No. 4. Additionally, the "Government [was] **ORDERED** to inform the Court of who is the warden at El Valle." *Id.* (emphasis in original).

Consequently, on February 9, 2026, Franscisco Venegas filed a Notice to the Court and Motion to Dismiss himself as a party to the case Dkt. No. 6.

Zeratsiyon did not file a timely or direct response to Venegas' Motion.[3] However, on March 16, 2026, Zeratsiyon submitted a Motion for Summary Disposition arguing an insufficient response to the Court's December 23, 2025 Order. Dkt. No. 7. On March 17, 2026, Respondents Noem, Lyons, Cerna, and Bondi ("the Government")[4] filed an Opposed Motion for Leave to File a Response past the Court's ordered deadline. Dkt. No. 9. The Court now considers only Venegas's Notice to Court and Motion to Dismiss. Dkt. No. 6.

## II. DISCUSSION

Here, Venegas is entitled to dismissal as a Respondent; as a former employee, he lacks sufficient custodial authority over Zeratsiyon.

The United States Supreme Court has made clear that for the purposes of a habeas corpus petition under 28 U.S.C. § 2241, the only proper respondent is the immediate custodian of the petitioner with the ability to produce the petitioner before the Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). The Court, then, notes that the proper respondent is the custodial officer of Zeratsiyon.

---

[3] Under Local Rule 7.4, a motion to which a party does not respond is considered unopposed. See S.D. Tex. L.R. 7.4 ("Failure to respond will be taken as a representation of no opposition.").

[4] The identification of Respondents as "the Government" is taken from their own Motion. Dkt. No. 9 at 1.

In his Motion to Dismiss, Venegas states that he "is no longer the Facility Administrator at the El Valle Detention Facility." Dkt. No. 6 at 1. Venegas further states that even at the time of the Petition's filing, he was "an employee of Management & Training Corporation, a private contract operator of the Facility" and "was not the party with the ability to make custody decisions." *Id.* In his pending Motion for Summary Disposition, Zeratsiyon notes that "Petitioner did not oppose [Venegas's Motion to Dismiss], and Francisco Vanegas [*sic*] is no longer a party to this matter." Dkt. No. 7 at 2. Similarly, in its Motion for Leave to file, the Government argues that "it is the originally named federal respondents, not the named warden in this case, who make the custodial decisions regarding aliens detained in immigration custody under Title 8 of the United States Code. Based on information and belief, the Acting Facility Administrator of the El Valle Detention Facility is Martin Friend, who is a private contractor." Dkt. No. 9 at fn. 1. Accordingly, the record evidence supports a finding that Francisco Venegas is not a proper party to the underlying Petition for Writ of Habeas Corpus; he is not Petitioner's custodian.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **GRANT** Venegas' Motion to Dismiss; and (2) **DIRECT** the Clerk of Court to remove Francisco Venegas as a party to the instant case.

## IV. NOTICE

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking

on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**SIGNED** on this **29th day of September, 2026** at Brownsville, Texas.

______________________________
**Ignacio Torteya III**
**United States Magistrate Judge**